UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

**AMA CAPITAL PARTNERS LLC**,                               :

           Plaintiff,                                      :

    -against-                                                    :

**TIDEWATER INC.**                                                 :

         Defendant.                                   :

                              :

------------------------------------------------------- X

CIVIL ACTION NO. _____

**COMPLAINT**

       Plaintiff AMA Capital Partners LLC ("AMA"), by and through its attorneys, as and for its Complaint against Defendant Tidewater Inc. ("Tidewater"), alleges as follows:

### NATURE OF THE ACTIONS

       1.      This case is about a failure by Tidewater to pay its financial advisor after it successfully emerged from a Chapter 11 bankruptcy.  AMA, a transportation and energy merchant bank, brings this action to recover fees owed pursuant to a November 10, 2016 written and binding financial services agreement (the "Agreement").  See Exhibit A.  Pursuant to the Agreement, Tidewater, an offshore energy services company, agreed to pay for advisory services provided by AMA to Tidewater and others in connection with a potential financial reorganization and/or restructuring.  Additional parties to the Agreement were  DNB Bank (as the "Agent") on behalf of certain lenders (the "Troms Finance Parties") that collectively held notes issued by Troms Offshore Supply AS ("Troms Offshore"), a Tidewater Inc. subsidiary, and Milbank, Tweed, Hadley & McCoy LLP in its capacity as counsel to the Agent ("Counsel").

       2.      Tidewater emerged from a successful Chapter 11 restructuring on July 31, 2017.  See Tidewater Inc., Current Report (Form 8-K)(July 31, 2017) attached as Exhibit B at p. 3.

Pursuant to the Agreement, Tidewater owes AMA, before credits (if any) $1,250,000, but has failed to pay.

## THE PARTIES

3.    AMA is a limited liability company organized and existing under the laws of New York, with its principal place of business at 405 Lexington Avenue, New York, New York 10174. The members of AMA are citizens of New York and Connecticut.

4.    Tidewater is a publicly traded corporation organized and existing under the laws of Delaware, with its principal place of business located at 6002 Rogerdale Road, Suite 600, Houston, Texas 77072-1655. Tidewater's Registered Agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

5.    Tidewater is subject to personal jurisdiction in this Court pursuant to the Agreement wherein Tidewater agreed that "any proceeding arising out of this Agreement shall be heard exclusively in a New York state or federal court sitting in the city and county of New York, to whose jurisdiction and forum .... [Tidewater] irrevocably submit[s]." See Ex. A at ¶8.

6.    Subject-matter jurisdiction exists over this action based on diversity of citizenship under 28 U.S.C. § 1332, because this is a suit between "citizens of different States" and the matter in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332 (2012).

## FACTUAL ALLEGATIONS

**A.     The Agreement**

7.     On November 10, 2016, Counsel, in response to Tidewater's financial difficulties, retained AMA to provide financial advisory services.  Pursuant to the Agreement, AMA was to provide the following services:

> (a)     Evaluation and analysis of the Company's operations, assets and liabilities, current financial position, and short and long-term business plans and financial projections, including analysis of the underlying assumptions of the Company's proposals;
>
> (b)     Analysis of the Company's liquidity forecasts (including short and medium term cash flow forecasts), including an understanding of the Company's approach to cash management;
>
> (c)     Through discussions with Counsel, the Agent and/or the Troms Finance Parties, identify key concerns of the Agent and/or the Troms Finance Parties and advise on potential solutions for resolving these issues;
>
> (d)     Analysis of and advice on alternative restructuring options available to the Company, the Agent and/or the Troms Finance Parties in conjunction with the Agent's and/or Troms Finance Parties' response to any Company proposal, including analysis of debt capacity and alternative capital structure;
>
> (e)     Develop potential alternative restructuring, recapitalization or refinancing options (including strategic alternatives) to any proposals made by the Company;

(f)     Advise Counsel, the Agent and/or the Troms Finance Parties and participate in meetings or negotiations with the Company and other stakeholders in connection with any material asset sale, disposition, restructuring, modification or refinancing of the Company's obligations;

(g)     Analysis of and advice on any formal or informal proposal(s) made by the Company to the Agent or the Troms Finance Parties and assist in the development of financial data and presentations to the Agent, the Troms Finance Parties and/or the Company;

(h)     Analysis of any capital expenditure plan by the Company and reconcile to the Company's business and financial projections;

(i)     Advise and assist Counsel in, and participate in, meetings or discussions with the Agent, the Troms Finance Parties, the Company, and other creditors and stakeholders;

(j)     Conduct due diligence and attend any meetings with the Agent, the Troms Finance Parties, and/or Company and its advisors in connection with same;

(k)     Advise on the Company's implementation of any proposed debt amendment/restructuring, as requested;

(l)     Advise on timetable and management of the overall restructuring/negotiation process;

(m)     Participate in hearings, produce documents, attend depositions, and provide expert witness testimony concerning any of the subjections encompassed by the other services, and provide testimony on matters as Counsel may reasonably request; and

(n)     Such other valuation, financial advisory, and related services as Counsel may reasonably request.  <u>See</u> Ex. A at ¶1.

8.      The Agreement became effective November 10, 2016.

9.      As compensation for AMA's services, AMA was to be paid a monthly fee of $100,000, payable in advance  (the "Monthly Retainer"). Each Monthly Retainer earned after the third Monthly Retainer would be credited against any other fees. <u>See</u> Ex. A at ¶3(a).

10.     Under the Agreement, AMA is entitled to a "Restructuring Fee" of $1,250,000 at the closing of any Restructuring Transaction supported by the Agent. Per the Agreement, a "Restructuring Transaction" includes any restructuring, reorganization, repayment, refinancing, rescheduling or recapitalization of all or substantially all of the liabilities of Tidewater however such result is achieved, including, but not limited to, an action under Title 11 of the United States Code. <u>See</u> Ex. A at ¶3(c).

11.     A "carve out" to the Restructuring Fee provision contemplates only three limited situations in which a Restructuring Fee would not be paid: if the Trom Notes were "reaffirmed, paid in full or otherwise unimpaired" in connection with either a pre-packaged Chapter 11 plan of reorganization or out of court restructuring supported by the Agent. <u>See</u> Ex. A at ¶3(c).

12.     If the carve out applies, an Advisory Fee of $500,000 would be due, rather than a Restructuring Fee of $1,250,000.  <u>See</u> Ex. A at ¶3(b).

13.     All payment obligations under the Agreement are the responsibility of Tidewater. <u>See</u> Ex. A at ¶3(c).

14.     Tidewater is also responsible for "all fees, expenses, and indemnification of AMA hereunder, including, without limitation, AMA's Fees and any indemnification obligations" under paragraph 6 of the Agreement. <u>See</u> Ex. A at ¶ 3(d), ¶4(a).

15.     Upon execution of the Agreement, AMA provided the contracted for comprehensive advisory services and expended significant time and resources.

**B.     Tidewater Voluntarily Entered Chapter 11 and Successfully Exited as a Restructured Company**

16.     On May 17, 2017, Tidewater and its affiliated Debtors filed a "Joint Pre-Packaged Chapter 11 Plan of Reorganization" under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. See Ex. B at p. 3.

17.     Tidewater's Disclosure Statement for the Joint Prepackaged Chapter 11 Plan, attached as Exhibit C (without exhibits) states that in November 2016 (after the Agreement became effective), Tidewater and the Troms Finance Parties, among others, began negotiations regarding the terms of a Chapter 11 restructuring to be achieved through a consensual prepackaged plan. See Ex. C at p. 18. Tidewater further disclosed that in the months leading up to the bankruptcy filing, Tidewater, the Troms Finance Parties and others exchanged proposals and counterproposals regarding the terms of a comprehensive restructuring of Tidewater's existing debt. See Ex. C at p. 18.

18.     AMA was instrumentally involved in this process.

19.     On July 17, 2017, the Court confirmed Tidewater's Joint Prepackaged Chapter 11 Plan of Reorganization. See Ex. B at p. 3.

20.     The plan became effective on July 31, 2017. See Ex. B at p. 3.  This marked the closing of the Tidewater Restructuring Transaction.

21.     Pursuant to the terms of the Agreement, AMA is entitled to be paid a Restructuring Fee at the closing of a Restructuring Transaction. The limited "carve out" scenario only applied if the Troms Notes were reaffirmed, paid in full or otherwise unimpaired.  This did not occur and thus, AMA is entitled to a full Restructuring Fee (before credits) of $1,250,000.

### FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

22.     AMA repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

23.     The Agreement is a valid and binding contract.

24.     AMA has performed any and all of its conditions precedents and obligations under the Agreement.

25.     Tidewater breached its obligations under the Agreement by failing to pay AMA its earned and due Restructuring Fee.

26.     As a direct and proximate result of Tidewater's breach of the Agreement, AMA has been damaged in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
**(Legal Fees and Related Costs)**

27.     AMA repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

28.     Tidewater is responsible for all fees, expenses and indemnification of AMA under the Agreement. See Ex. A at ¶4.  This would include attorneys' fees expended in prosecuting this action in the event AMA prevails in legal proceedings to enforce the Agreement.

29.     AMA has brought this lawsuit to enforce the Agreement.

30.     Should AMA prevail in this lawsuit, Tidewater will therefore be liable for all costs and expenses, including reasonable attorneys' fees, incurred by AMA in connection with this lawsuit.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff AMA Capital Partners LLC respectfully requests that the Court

enter a judgment:

      a.      Awarding compensatory damages in an amount to be determined at trial.

      b.      Awarding pre-judgment and post-judgment interest pursuant to NY CPLR §§ 5001,

5004 (2012) at the legal rate of 9 percent per annum, calculated from the date of the initial breach

of the Agreement.

      c.      Awarding  the costs and expenses of this action, including attorneys' fees; and

      d.      Granting such other and further relief that the Court deems just and proper.

Dated: June 20, 2018                NORTON ROSE FULBRIGHT US LLP
      New York, New York

                                By _____ /S/ Steve M. Dollar _____
                                    Steve M. Dollar
                                    Julie Pateman Ward

                                1301 Avenue of the Americas
                                New York, New York  10019-6022
                                (212) 318-3000
                                (212) 318-3400
                                steve.dollar@nortonrosefulbright.com
                                julie.ward@nortonrosefulbright.com

                                *Attorneys for Plaintiff*
                                *AMA Capital Partners LLC*